## ROTHMAN, et ux v. GLOBE & RUTGERS FIRE INS. CO.

Circuit Court, Dade County, Civil Appeal.

May 26, 1955.

Max B. Kogen, Miami Beach, for appellant.

Harry B. Smith and Bernard S. Mandler, both of Miami, for appellees.

CHARLES A. CARROLL, Circuit Judge.

This is an appeal from a judgment of the civil court of record which was in favor of the plaintiff for $2,851.18, plus $950 attorneys' fees, dated December 6, 1954.

Among the several questions argued was the appellant's contention that the case should be reversed because, after completion of the trial and while the matter was being considered by the jury, they were permitted to have the court file for inspection.

This court is of the opinion that that point is well taken and, barring special conditions and circumstances, it is error for the court file to be given to the jury.

There does not appear to be any decision of the Florida Supreme Court bearing directly on the question, and the law generally is not settled on it. In some instances, it is held to be reversible error, and in others it has been sanctioned where at the time the jury has been properly instructed and cautioned that they should not consider the pleadings as evidence. This

presupposes, however, that the file does not contain items which, if seen by the jury, would be prejudicial.

In this instance, it does not appear that the jury were cautioned about not considering the pleadings as evidence or given any particular instructions by the court with reference to their use and examination of the court file. Also, there were certain features relating to the file which were enough to, indicate to this court that it was improper for the same to be submitted to the jury and that its contents well could have been a prejudicial determining factor in the result reached by the jury. One was the fact that the file did not disclose an order permitting the defense of fraud and false swearing. It seems that the motion was in the file and that the court had orally allowed the additional defense, but it is not clear that was done in the presence of the jury or so as to be heard by them, and the absence of the order in the file would make a difference. According to the record, there was a deposition in the file which had not been filed in evidence. Also, it is not clear but what there may have been submitted with the file certain written requested charges which had been refused, as the record shows that neither the judge nor the clerk could recall whether such items were submitted with the file.

To the extent that an objection to the submission of the file is material, it appears that counsel did not know the file had been submitted to the jury until they already had it with them in the jury room, and that counsel for appellant then made an objection. Appellees argue that the objection made was on only one ground and was not a general objection.

The court feels that the objection was sufficient for the reason that no objection as such was required if the practice was improper, where it was done without counsel's advance knowledge and not on any prior motion or application in open court. But, in any event, the making of the objection which was made shows that appellant did not waive the point or consent to the submission of the file to the jury.

Under the circumstances of this case as shown by the record, it is the opinion of this court that submission of the court file to the jury constituted a prejudicial error such as to require reversal.

Accordingly, the case is reversed and a new trial granted.